# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

RAINBOW INTERNATIONAL   )
CARPET DYEING & CLEANING CO., )
    Plaintiff,     )
vs.            ) Civil Action No. 09-cv-00152-RHK-AJB
             )
RANDY C. BALLMAN, individually and )
d/b/a RAINBO DISASTER   )
RESTORATION & CARPET   )
CLEANING,      )
    Defendant.    )
_____)

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Rainbow International Carpet Dyeing & Cleaning Co. ("Rainbow International") and Defendant Randy C. Ballman, individually and d/b/a Rainbo Disaster Restoration & Carpet Cleaning ("Defendant"), have reached an agreement in settlement of the disputes between them (the "Settlement Agreement") and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Rainbow International is a Texas corporation with a place of business at 1010 North University Parks Drive, Waco, Texas 76707.

2. Rainbow International operates, throughout the United States, a franchise system that provides carpet cleaning, dyeing, repair, and reinstallation services; upholstery, drapery and ceiling cleaning services; deodorization services; water and smoke restoration services; and

services related to the aforementioned services, under the service mark RAINBOW INTERNATIONAL (both alone and together with distinctive design components).

3.      Rainbow International is the current owner-of-record of various United States service mark registrations on the Principal Register of the United States Patent and Trademark Office, including but not limited to U.S. Service Mark Reg. No. 1,672,096, for the service mark RAINBOW INTERNATIONAL, registered for use in connection with "carpet and upholstery cleaning services" and "carpet and upholstery dyeing, tinting and colorizing"; U.S. Service Mark Reg. No. 2,054,615, for the service mark "THE CLEAN EXPERIENCE" RAINBOW INTERNATIONAL CARPET CARE & RESTORATION SPECIALIST & Design, registered for use in connection with "carpet [and] upholstery cleaning and repair services" and "carpet and upholstery dyeing, tinting and colorizing"; U.S. Service Mark Reg. No. 2,850,175, for the service mark RAINBOW INTERNATIONAL, registered for use in connection with "carpet, upholstery and drapery cleaning and spot, stain and odor removal services; air-duct cleaning services; disaster restoration services, namely, restoring building interiors, carpet and furnishings damaged by fire, water, smoke and other disasters; carpet repair services; commercial and residential building cleaning services" and "providing carpet and upholstery dyeing, tinting and colorizing services; [and] mold prevention treatment of building and their contents"; and U.S. Service Mark Reg. No. 3,207,135, for the service mark RAINBOW INTERNATIONAL RESTORATION & CLEANING, registered for use in connection with "carpet, upholstery and drapery cleaning, and spot, stain and odor removal services; air-duct cleaning services; disaster restoration services, namely, restoring building interiors, carpet and furnishings damages [sic] by fire, water, smoke and other disasters; carpet repair services; commercial and residential building

2

cleaning services" and "mold inhibition services concerning buildings and their contents" (collectively the "RAINBOW INTERNATIONAL Marks").

4.　　Defendant is a natural person who is a citizen of the State of Minnesota, resides in this District, and currently does business in this District.

5.　　Defendant has operated a competing carpet and upholstery cleaning and restoration services business in and around Mankato, Minnesota, under the designation "RAINBO DISASTER RESTORATION & CARPET CLEANING."

6.　　On January 22, 2009, Rainbow International commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendant. The Complaint alleged claims against Defendant for service mark infringement and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*; deceptive trade practices in violation of Minnesota Statutes §§ 325D.44 *et seq.*; and service mark infringement in violation of the common law of the State of Minnesota. Rainbow International duly effected service of the Complaint on Defendant on January 24, 2009.

7.　　Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, this Court has subject matter jurisdiction over Rainbow International's claims against Defendant.

8.　　This Court has personal jurisdiction over Defendant because Defendant is a citizen of this State, resides in this State, does business in this State, and has otherwise established contacts with this State making the exercise of personal jurisdiction proper.

9.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this District, and because a substantial part of the events or omissions giving rise to the Action occurred in this District.

3

**PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

10.    Defendant and his respective agents, servants, employees, attorneys, predecessors, officers, directors, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from any and all use of any word, term, symbol, or device confusingly similar to the RAINBOW INTERNATIONAL Marks (whether alone or in combination with other terms or designs), or any other mark owned by Plaintiff (hereinafter referred to as "Plaintiff's Marks"), or any designation that is a confusingly similar imitation of Plaintiff's Marks, including without limitation the designation "RAINBO DISASTER RESTORATION & CARPET CLEANING" and any designation that incorporates the term "RAINBO" or "RAINBOW," as a trademark, service mark, trade name, or other attention-getting device or triggering mechanism for the sale of Defendant's services.  Without limiting the foregoing:

a.    Defendant confirms that it permanently ceased all use of the aforementioned designations as of August 18, 2009.  Such cessation of use by Defendant included, but was not limited to, the revocation of any existing business licenses and fictitious or assumed business name certificates that Defendant maintained for any of the aforementioned designations, and the cessation of use of the business or trade name "RAINBO DISASTER RESTORATION & CARPET CLEANING." Defendant also confirms that it has notified the Office of the Minnesota Secretary of State or other state or local authority of the change in business name and, as

4

appropriate, filed such documents and paid such fees, at Defendant's own expense, as was necessary to effectuate that name change.

b.     Defendant further confirms that it (i) destroyed all business cards, invoices, and any other advertising or promotional materials or items bearing the designation "RAINBO DISASTER RESTORATION & CARPET CLEANING," or the designation "RAINBO" or "RAINBOW," or any other colorable imitation of Plaintiff's Marks; and (ii) removed, erased, or obliterated any signage (including any signage on any business location and/or vehicle) bearing the designation "RAINBO DISASTER RESTORATION & CARPET CLEANING" or any other colorable imitation of Plaintiff's Marks;

c.     Defendant has further caused all listings of and references to the designation "RAINBO DISASTER RESTORATION & CARPET CLEANING," and/or all listings of and references to any other business with a trade name that included the designation "RAINBO" or "RAINBOW," or any other word, term, symbol or device confusingly similar to Plaintiff's Marks and that was affiliated with Defendant, to be removed from telephone directories in which Defendant had placed listings or advertisements except for a single residual listing appearing in the current Mankato Yellow Pages directory distributed by Hickory Tech. Defendant confirms that the residual listing shall be removed from the next issue of that directory.

11.     Rainbow International and Defendant acknowledge that they have knowingly and voluntarily entered into this Consent Judgment and the Settlement Agreement after reviewing the same with their counsel or having had ample opportunity to consult with counsel.  Rainbow

5

International and Defendant understand the undertakings, obligations and terms of this Consent Judgment and the Settlement Agreement.

12.     Defendant shall bear his own costs and attorneys' fees in connection with this Action.

13.     Except as to Defendant's obligations set forth in this Consent Judgment and/or the Settlement Agreement, Rainbow International's claims against Defendant in this Action are hereby dismissed with prejudice.  No appeals shall be taken from this Consent Judgment, and Rainbow International and Defendant hereby waive all right to appeal from this Consent Judgment.

It is SO ORDERED, this the 19th day of March, 2010.


s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge


Agreed to by and between the Parties hereto as of this the _____ day of February, 2010.


| **RAINBOW INTERNATIONAL CARPET DYEING & CLEANING COMPANY** | **RANDY C. BALLMAN, INDIVIDUALLY AND D/B/A RAINBO DISASTER RESTORATION & CARPET CLEANING** |
|---|---|
| By:    s/David C. Bethea | By:    s/Randy Ballman |
| Title:  President | Title:  Owner |
| Date:  3/7/2010 | Date:  2/24/2010 |


5106846v1

6